# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DORINE K. MOSS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:04 CV 01322 LMB |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court upon plaintiff's Complaint alleging employment discrimination by defendant based upon gender and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c).

Presently pending before the court is defendant's Motion to Dismiss, along with a Memorandum in Support. (Documents Number 4, 5). Plaintiff has filed a Brief of Authorities in Opposition to defendant's motion. (Doc. No. 6). Defendant has also filed a Reply to plaintiff's Brief of Authorities in Opposition to defendant's motion. (Doc. No. 7).

## Background

Plaintiff claims that she was involved in an intimate relationship with her supervisor, defendant Daniel J. Mueckl, the Postmaster of Festus, that began in 1991 and ended in 1992. Plaintiff alleges that after she terminated the relationship, defendant harassed her, and

- 1 -

discriminated against her by being obstructive to her Department of Labor's Office of Worker's Compensation Programs (OWCP) claim, and by excluding her from limited duty assignments which "younger, more sociable" female employees received.

This is the second complaint that plaintiff filed in district court raising the same claims. In plaintiff's first action, Case Number 4:02CV01338LMB, the court dismissed plaintiff's sex and disability discrimination claims without prejudice due to plaintiff's failure to exhaust her administrative remedies. The court also granted summary judgment in favor of defendant on plaintiff's age discrimination claims under the Age Discrimination in Employment Act. Defendant claims in his current Motion to Dismiss that plaintiff has again failed to exhaust her administrative remedies.

## **Discussion**

Defendant first argues that plaintiff's sex and disability discrimination claims must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because plaintiff has not exhausted her administrative remedies by failing to file a formal EEO Complaint, thus depriving the court of subject matter jurisdiction. Defendant also argues that plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff's failure to exhaust her administrative remedies precludes her from stating a claim that would entitle her to relief.

"A motion to dismiss a federal claim, if predicated on failure to establish an essential element of the cause of action, should generally be analyzed under Fed.R.Civ.P. 12(b)(6), unless it can be shown that the challenged claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'"

Trimble v. Asarco, Inc., 232 F.3d 946, 953 (8th Cir. 2000) (quoting Bell v. Hood, 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). See also County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). Thus, a motion to dismiss is likely to be granted when "'a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.' " Ring v. First Interstate Mortgage Inc., 984 F.2d 924, 926 (8th Cir. 1993)(quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

"Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies." Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003). To fully exhaust administrative remedies under Title VII, an employee must:

> [I]nitiate the EEO pre-complaint process "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105 (a) (1). If the matter is not informally resolved, the EEO counselor notifies the complainant of her right to file a formal administrative complaint. See § 1614.105 (d). "Only the claims raised in this pre-complaint counseling (or issues or claims like or related to issues or claims raised in the pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency." § 1614.105 (b) (1). The complainant *must file her formal written complaint* within 15 days after receiving the counselor's notice. See § 1614.106 (b).

Patrick v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001) (emphasis added). "Compliance with the administrative review apparatus provided by Title VII is a requisite for judicial review of a discrimination claim." Hargens v. United States Department of Agriculture, 865 F. Supp. 1314, 1323 (N.D. Iowa 1994). Exhaustion is required "because it provides the EEOC the first

opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

In this case, plaintiff has again failed to exhaust her administrative remedies regarding her sex and disability discrimination claims. Plaintiff first contacted the Equal Employment Opportunity Commission (EEOC) on March 1, 2002. Plaintiff completed an Information for Pre-Complaint Counseling form on March 13, 2002. Plaintiff was notified by mail on March 29, 2002 that the counseling stage of her EEO claim was closed and that if she failed to complete and return her formal complaint form within fifteen days of receipt, her complaint could be dismissed. Plaintiff never filed an official EEO Complaint, and the undersigned thus dismissed her sex and disability claims in connection with her first Complaint on February 19, 2004.

On May 19, 2004, plaintiff again contacted the EEO. At this time, plaintiff was given literature that explained that a complainant must contact the EEO office within 45 days of the discriminatory incident. See Def. Ex. D-3. Plaintiff was also informed that a formal complaint must be postmarked no later than 15 days after a complainant receives a "Notice of Right to File." See id. The Postal Service EEO office received the "Information for Pre-Complaint Counseling" form from plaintiff on June 21, 2004. See Def. Ex. D-1.

On July 7, 2004, plaintiff's attorney was mailed a "Notice of Final Interview," along with a blank EEO complaint form and a "Notice of Right to File Individual Complaint." See Def. Ex. D-4. The "Notice of Final Interview" stated that plaintiff's complaint may be dismissed pursuant to 29 C.F.R. § 1614.10 if she does not complete the complaint form within fifteen calendar days of receipt. See id. Plaintiff, however, never filed a formal EEO complaint. On September 28, 2004,

plaintiff filed her district court complaint in the instant action.

Plaintiff argues in her Brief of Authorities in Opposition to defendant's motion that exhaustion should not be required in her case because administrative remedies would be futile. It is true that the exhaustion requirement is not applicable when an administrative appeal "would be futile and little more than a formality." Sioux Valley Hospital v. Bowen, 792 F.2d 715, 724 (8th Cir. 1986). This futility exception applies "when there is nothing to be gained other than an agency decision adverse to the plaintiff." Id. Exhaustion is also not required when unreasonable delay would render the administrative remedy inadequate. See Southwestern Bell Telephone Co. v. F.C.C., 138 F.3d 746, 750 (8th Cir. 1998).

In this case, plaintiff provides no explanation as to why administrative remedies would be futile. Plaintiff merely cites cases from other circuits holding that exhaustion is not required when administrative remedies are futile. Plaintiff's conclusory statement that pursuing administrative remedies would have been futile is insufficient to absolve her of the obligation to exhaust these remedies. Plaintiff was necessarily aware that she was required to file a formal EEO complaint by virtue of the dismissal of her prior action for her failure to do so. Plaintiff does not deny that she was aware of this requirement. Yet, despite plaintiff's knowledge of the exhaustion requirement, and despite being represented by counsel, plaintiff never filed a formal EEO complaint. Thus, the undersigned finds plaintiff's argument unpersuasive.

Further, even if plaintiff had filed a formal EEO complaint after the prior dismissal of her action, her claims were untimely. Plaintiff was required to initiate contact within 45 days of the date of the alleged discriminatory conduct. The alleged discriminatory conduct occurred in 2001, yet plaintiff did not initiate contact with the EEO until May 19, 2004. Thus, the court finds that

plaintiff has not exhausted her administrative remedies. Plaintiff's failure to exhaust her administrative remedies precludes her from proving any set of facts in support of her claim which would entitle her to relief. Accordingly, the court will dismiss plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

## **ORDER**

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (Doc. No. 4) be and it is hereby **granted.**

**IT IS FURTHER ORDERED** that plaintiff's Complaint is hereby **dismissed with prejudice.**

Dated this   16th   day of September, 2005.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　LEWIS M. BLANTON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE